(98 App. Div. 160)

### GRIDLEY et al. v. EINBIGLER et al.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. LEASES—CONSTRUCTION—AGREEMENT TO PAY TAXES.

 Under a lease authorizing the lessees to make improvements on the property, and providing that they shall pay all increase in taxes above the tax based on the assessed valuation for the preceding year, and all increase in insurance and expenses caused by such improvements, the lessees are bound to pay all increase in taxes, whether or not it be on account of the improvements.

Appeal from Special Term, New York County.

Action by Annie A. Gridley and others against Rudolf Einbigler and others. From a judgment for plaintiffs on a decision after a trial, a jury having been waived, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jerome Eisner, for appellants.
Wm. B. Ellison, for respondents.

PATTERSON, J. The question arising in this case is one of construction of the terms of a lease. The plaintiffs sued to recover from the defendants certain taxes for the year 1903, which they claim they were obliged to pay. A lease was made between the plaintiffs and the

defendants in February, 1892, of premises described in the complaint, for a term of eight years, to begin May 1, 1892. On the completion of the term the lease was extended for five years more. It contained the following covenant:

"Said parties hereto of the second part having acquired or being about to acquire title to certain leases of the premises hereby let and demised expiring May 1, 1894, the day whereon this lease is to commence, and contemplating the erection of a certain building on the premises hereby demised, it is expressly understood and agreed that permission for such improvement is hereby granted and the construction of the same to commence before the first day of May, 1892, if possession can be had, and said parties hereto of the second part further covenant, promise and agree, on and after the first day of February, 1892, and for and during the full term of this lease to pay all water taxes which may be levied or imposed on said premises whether general or special, and all increase in any other taxes above the present tax based upon an assessed valuation over and above the assessed valuation of said property for the year 1891, to wit, $8,500 for each house and lot, or $25,500 for the three, said premises being now known and designated on the tax rolls of New York City as follows, Ward 20, Ward Map Numbers 1053, 1052½ & 1052, increase in insurance and increase in expenses created, incurred or imposed on said premises by reason of such contemplated improvements and that in the erection of the same, and after their completion, agree to save and hold harmless the parties hereto of the first part, of and from any and all loss or damage by reason of the construction, maintenance and use of the same, and further covenant to repair and keep in good and substantial repair the premises hereby demised, whether such repairs may be the outcome or be necessitated by reason or use of said premises or from any alterations or constructions, and that upon the expiration of this lease, or sooner other determination thereof, all buildings, improvements and betterments to the freehold shall revert to and be and become the property of the lessors or owners of said premises and no abatement of said rent, or any claim, be made therefor."

The defendants entered into possession of this property under the lease and from the year 1894, there was a gradual increase in the assessed valuation of the property for the purposes of taxation. In 1901 there was an assessment of $26,500; in 1902, the first year of the renewed lease, the assessment was increased to $29,500; in 1903 the property was assessed for the sum of $171,000; and it seems to be conceded that this increased valuation arose by reason of the requirement of the property by the Pennsylvania Railroad Company for its terminal station.

On the trial of this action, which was by the court without a jury, evidence was given respecting conversations had before the renewal of the lease, and also conversations had between the representative of the plaintiffs and one of the defendants after the lease was renewed, concerning the circumstances under which the renewal was had, and also respecting acts or declarations of the defendants which seem to indicate their own interpretation of the lease. This evidence, or some of it, was clearly inadmissible; but it is unnecessary to refer to it particularly, because the rights of the parties are fully established by the terms of the lease. The argument made by the defendants is that the liability to pay taxes on an increase of assessed valuation relates only to certain contemplated improvements that were to be made by the erection of additional buildings on the property, which the lessee had the right to erect under the lease, but the lease is not susceptible of that construction.

The agreement to pay taxes is an absolute undertaking of the lessee. The agreement to pay increase in insurance and increase in expenses created or incurred or imposed by reason of the contemplated improvements is another and separate stipulation. It is evident from the findings of the court below that the case was determined upon the construction to be given to the lease. The evidence erroneously admitted does not affect the rights of the parties, for, disregarding that evidence, and going back to that which is the only question in the case, we are of the opinion that the construction given by the court below to the lease itself was right, and authorized a finding in favor of the plaintiffs.

The judgment should therefore be affirmed, with costs. All concur.